**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

IN RE: NEHYA AHMED,

Debtor.

_______________________________________/

NEHYA AHMED

Appellant,

v. Case No. 11-15279

MICHAEL A. STEVENSON,

Appellee.

_______________________________________/

**OPINION AND ORDER AFFIRMING THE BANKRUPTCY COURT**

Debtor, Nehya Ahmed, seeks to exempt from the bankruptcy estate purported "retirement funds" she received in her divorce. The money at issue came from her former husband's retirement account but, by court order, the money paid Debtor her equity in the former couple's house. The bankruptcy court concluded that the money failed to qualify as "retirement funds" subject to exemption, and Debtor appealed. Jurisdiction arises under 28 U.S.C. § 158(a), and this court reviews the law without deference. *See In re Alam*, 359 B.R. 142, 145 (6th Cir. BAP 2006); *In re Hurtado*, 342 F.3d 528, 531 (6th Cir. 2003).

During the divorce the state court awarded Debtor fifty percent of the husband's 401k account. Debtor received and deposited that money, which is not at issue. In addition the state court ordered the husband to pay Debtor $43,553 of the equity in one

of the couple's houses. The state court's order warned that "[Debtor's] marital share from the real estate . . . shall be paid from [the husband's] half of his 401K if he does not pay it within 90 days from [this] Judgment of Divorce." (Divorce Or. 10, Dkt. #2-1 at 17.) The husband failed to pay, the state court ordered the money's removal from the 401k, and the 401k administrator, after withholding tax, paid Debtor, who about four weeks later placed the money in a new individual retirement account ("IRA"). In May, 2011, around a month after opening the IRA, Debtor declared Chapter 7 bankruptcy.

Under 11 U.S.C. § 522(d)(12), a debtor may exempt from the bankruptcy estate money that both (1) constitutes "retirement funds" and (2) resides in a fund or account "exempt from taxation" under any of several sections of the Internal Revenue Code. Debtor proposes mainly that the house equity payment she received equals "retirement funds" because the payment came from a 401k retirement account.

It is tempting to follow the decisions, cited by Debtor, that exempt under Section 522(d)(12) money received from an "inherited IRA." *E.g.*, *In re Chilton*, 674 F.3d 486 (5th Cir. 2012); *In re Nessa*, 426 B.R. 312 (8th Cir. BAP 2010). These decisions conclude, correctly, that "retirement funds" can mean money that someone other than the debtor saved for retirement. "The defining characteristic of 'retirement funds,'" one of these authorities explains, "is the purpose they are set apart for, not what happens after they are set apart." *In re Chilton*, 674 F.3d at 489. But this logic has its limits. If a retiree withdraws money he saved for retirement and uses it to buy a car, the dealer does not then hold "retirement funds." Money set apart for retirement cannot remain "retirement money" forever.

A person receiving an "inherited IRA" gets what the term "inherited IRA" suggests; a retirement account passes, more or less intact, to a named beneficiary. *See, e.g.*, *In re Chilton*, 674 F.3d at 487-88; *In re Nessa*, 426 B.R. at 313; *In re Seeling*, 471 B.R. 320, 321 (Bankr. D. Mass. 2012). The house equity payment is different. The state court seized money from a 401k and used it to pay a debt the husband owed Debtor. In the cases involving an inherited IRA a saver handed his piggy bank to another person. In this case his bank was shattered, and his money taken, for a purchase. Money "set aside" became currency in the stream of commerce.

The house equity payment Debtor received no longer constituted "retirement funds." Regardless of tax status, the payment could receive no protection under Section 522(d)(12) unless and until Debtor converted the money (back) to "retirement funds." And although Debtor accomplished this conversion by placing the money in a new IRA, the transfer to a new IRA affected the money's tax status. The federal tax code limits the amount of the IRA contribution that Debtor could exempt from taxation to the lesser of either $5,000 or her taxable income for the year. 26 U.S.C. § 408(a)(1); *id.* § 219(b).[1] Because Debtor in 2011 retained an income of nearly $20,000, all but $5,000

---

[1] Section 408(a)(1) states:

> Except in the case of a rollover contribution described in subsection (d)(3)[,] section 402(c), 403(a)(4), 403(b)(8), or 457(e)(16), no contribution will be accepted unless it is in cash, and contributions will not be accepted for the taxable year on behalf of any individual in excess of the amount in effect for such taxable year under section 219(b)(1)(A) [*i.e.*, $5,000].

Debtor claims that the bankruptcy court misapplied Section 408(a)(1), because the house equity payment qualifies as "a rollover contribution." But Debtor never says how the payment fulfills the description of "rollover contribution" in one of the listed sections. She discusses subsection (d)(3), which says that "a rollover contribution . . . meets the

in the IRA remains subject to taxation. The bankruptcy court properly allows Debtor to exempt the $5,000.

Debtor argues that, whatever the house equity payment's purpose, Debtor could treat the money as a tax-free "rollover" into her new IRA. She cites 26 U.S.C. § 402(c)(2), but that section assumes the answer to the issue, as it discusses the tax status only of "an eligible rollover distribution." She cites no case authority. And her theory suffers the same defect as the comparison to inherited IRAs. The state court order does not say merely that the husband's failure to pay Debtor her equity in the house will result in the husband's having to pay Debtor a portion of his 401k. Rather, the state court order says that the 401k money must stand as Debtor's equity in the house. (Divorce Or. 10, Dkt. #2-1 at 17 ("[Debtor's] marital share from the real estate . . . shall be paid from [the husband's] half of his 401K[.]").) The state court in effect ordered the 401k money seized, liquidated, and used to purchase Debtor out of the residence.

Debtor can exempt from the bankruptcy estate no more than $5,000 of the house equity payment. Accordingly,

IT IS ORDERED that the bankruptcy court's October 19, 2011, and November 18, 2011, opinions and orders are AFFIRMED.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

---

requirements of" both of two subparagraphs, but she never explains how the payment satisfies each requirement in both subparagraphs.

Dated: September 29, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 29, 2012, by electronic and/or ordinary mail.

s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\11-15279.AHMED.AffirmBankruptcyCour.ckb.wpd